Amanda R. NEWMAN, Appellant,

v.

BRENDEL & ZINN, LTD., Respondent.

No. A04–1175.

Court of Appeals of Minnesota.

Jan. 18, 2005.

Robert Edwards, Robert N. Edwards, Chtd., Anoka, MN, for appellant.

Richard J. Thomas, Chad J. Hintz, Burke & Thomas, P.L.L.P., St. Paul, MN, for respondent.

Considered and decided by HARTEN, Presiding Judge; KLAPHAKE, Judge; and STONEBURNER, Judge.

## OPINION

STONEBURNER, Judge.

Appellant Amanda R. Newman, who was a plaintiff in a personal-injury action against a client of respondent Brendel & Zinn, Ltd. (law firm), alleges that law firm violated Minn.Stat. § 144.335, subd. 3a(a) (2002), by sharing her medical records obtained under Rule 35 of the Minnesota Rules of Civil Procedure with the physician retained by law firm to inspect the records and conduct a medical examination of appellant. The district court dismissed appellant's complaint for failure to state a claim on which relief can be granted. Because we conclude that Rule 35 specifically authorized, and appellant consented to, law firm's sharing of the subject medical records with the Rule 35 examiner, we affirm.

## FACTS

Appellant was injured in an automobile accident and sued the driver of the other-involved automobile for negligence. Respondent law firm was retained to represent the defendant in appellant's negligence action. Under Minn. R. Civ. P. 35.04, appellant authorized thirteen providers to release medical records pertaining to "treatment for neck pain, low back pain, headaches or TMJ" and "any treatment for November 12, 1998 motor vehicle accident injuries" to law firm, "its representatives or employees." The authorization stated, "I do not authorize re-release of this information by/to a third party."

Law firm obtained appellant's medical records pursuant to appellant's authorizations and provided the records to a physician it had retained for the defense. This Rule 35 examiner testified in appellant's negligence trial, and law firm argued that this expert witness was the most qualified to discuss appellant's claimed injuries because he was the only doctor who had reviewed all of appellant's medical records.

Appellant initiated this action alleging that by "re-releasing" her medical records to its Rule 35 examiner and referring to the records during her negligence trial, law firm willfully or intentionally violated Minn.Stat. § 144.335, subd. 3a(a) (2002), which prohibits a person who receives health records from a provider from releasing those records "to a person without a signed and dated consent from the patient ... unless the release is specifically authorized by law." The district court granted law firm's motion to dismiss appellant's complaint for failure to state a claim on which relief can be granted pursuant to Minn. R. Civ. P. 12.02(e). This appeal followed.

## ISSUES

I. Should law firm's motion to strike documents in appellant's appendix be granted?

II. Did the district court err by dismissing, for failure to state a claim on which relief can be granted, appellant's claim that law firm violated Minn.Stat. § 144.335, subd. 3a(a) (2002), by giving appellant's medical records, obtained from medical providers under Minn. R. Civ. P. Rule 35, to law firm's retained Rule 35 examiner?

## ANALYSIS

### I. Motion to strike

Law firm moved to strike several documents contained in appellant's appendix and references in appellant's brief to those documents, arguing that those items were not presented to or considered by the district court and are outside the record on appeal. The items are clearly not a part of the record. *See* Minn. R. Civ.App. P. 110.01 (stating that only papers and exhibits filed or admitted at trial and the transcript constitute the record on appeal). Accordingly, we grant law firm's motion to strike.

### II. Dismissal under Rule 12

#### a. Standard of review

■ When reviewing a dismissal under Rule 12.02(e) of the Minnesota Rules of Civil Procedure, this court determines de novo "whether the complaint sets forth a legally sufficient claim for relief." *Bodah v. Lakeville Motor Express, Inc.*, 663 N.W.2d 550, 553 (Minn.2003). This court will not uphold a Rule 12.02(e) dismissal "if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded." *Martens v. Minnesota Min. & Mfg. Co.,*

616 N.W.2d 732, 739–40 (Minn.2000) (citation omitted).

A provider, or a person who receives health records from a provider, may not release a patient's health records to a person without a signed and dated consent from the patient or the patient's legally authorized representative authorizing the release, unless the release is specifically authorized by law.

Minn.Stat. § 144.335, subd. 3a(a) (2002). Law firm argues that release to the physician it retained to conduct an independent medical examination was both consented to by appellant and specifically authorized by law. The district court agreed. Appellant does not dispute that she consented to release of her medical records by providers to law firm, but appellant argues that the district court erred by concluding that she consented to law firm's release of the records to the Rule 35 examiner and that such release is specifically authorized by law.

#### b. Rule 35 of the Minnesota Rules of Civil Procedure constitutes authorization for release of non-privileged medical records to Rule 35 examiner.

The district court concluded that Rule 35 of the Minnesota Rules of Civil Procedure specifically authorizes review of a personal-injury-plaintiff's medical records concerning a condition as to which privilege has been waived, so that, as a matter of law, there was no violation of Minn. Stat. § 144.335, subd. 3a(a). Rule 35.01 permits examination by a "suitably licensed or certified examiner" of any party whose physical or mental condition or blood relationship is in controversy. Rule 35.03 provides:

> If at any stage of an action a party voluntarily places in controversy the physical, mental, or blood condition of

that party ... such party thereby waives any privilege that party may have in that action regarding the testimony of every person who has examined or may thereafter examine that party or the person under that party's control with respect to the same physical, mental, or blood condition.

And Rule 35.04 provides in relevant part:

When a party has waived medical privilege pursuant to Rule 35.03, such party within 10 days of a written request by any other party,

(a) shall furnish to the requesting party copies of all medical reports previously or thereafter made by any treating or examining medical expert, and

(b) shall provide written authority signed by the party of whom request is made to permit the inspection of all hospital and other medical records, concerning the physical, mental, or blood condition of such party as to which privilege has been waived.

■ Appellant asserts that because Rule 35.03 only refers to waiver of medical privilege regarding testimony of medical providers, medical records regarding the condition put in controversy remain privileged. We disagree. Rule 35.04 plainly requires waiver of any privilege for the associated medical records by compelling a party to disclose and provide written authorizations for inspection of the records.

Appellant argues that because nothing in Rule 35 states that "the defense may re-release medical records obtained under Rule 35 to the Rule 35 examiner," providing the records to the Rule 35 examiner is not authorized by the rule and constitutes a violation of Minn.Stat. § 144.335, subd. 3a(a). We disagree.

Although the meaning of "specifically authorized by law" as used in Minn.Stat. § 144.335, subd. 3a(a), is a matter of first impression, this court has construed an identical phrase in the context of the Data Practices Act, Minn.Stat. § 13.49, subd. 1 (2000), concerning an employer's release of employee's social security numbers to a third party. *See American Fed. of State, County, Mun. Employees v. Grand Rapids Pub. Util. Comm'n,* 645 N.W.2d 470 (Minn. App.2002), *review denied* (Minn. Aug. 6, 2002). In that context, this court stated that the term "specifically authorized by law," "equates with 'specifically permits' or 'specifically allows'" and held that "a law that specifically references the disclosure of social security numbers as one method of complying with a mandated drug and alcohol testing program specifically authorizes the release of those social security numbers ..." *Id.* at 474.

Rule 35.04 requires a personal-injury plaintiff to "permit the inspection of all hospital and other medical records" related to the condition that he or she has placed in controversy. Common sense dictates that only an expert witness can conduct a meaningful inspection of such medical records. We therefore conclude that Rule 35 specifically authorizes a Rule 35 examiner to inspect non-privileged medical records obtained under the rule, and that a lawyer or law firm does not violate Minn. Stat. § 144.335, subd. 3a(a), by giving such records to its retained Rule 35 examiner.

**c. The authorization signed by appellant constitutes consent to release of non-privileged medical records by law firm to Rule 35 examiner.**

Appellant's authorization specifically authorized providers to release specified medical records "to [law firm], its representatives or employees." Appellant argues that, under this language, the provider can release medical records to law firm, but law firm cannot provide the records to its representatives or employees who could

only obtain the records directly from the providers. Appellant has not provided any authority that would require this absurd construction of the language of the authorization and we find the argument without merit.

 Appellant asserts that the district court erred by concluding that the Rule 35 examiner is law firm's "representative" for purposes of appellant's personal-injury lawsuit. Appellant argues that the Rule 35 examiner is a "third party" as used in the authorization and that she specifically withheld consent for release to such a third party. But appellant concedes in her brief that the Rule 35 examiner was "chosen" by law firm to review the medical records and perform a physical examination. Webster's Third New International Dictionary defines "representative" as "standing for or in the place of another; acting for another or others; constituting the agent for another esp. through delegated authority." In this case, the Rule 35 examiner performs, on behalf of law firm, the inspection of medical records provided for in Rule 35.04. We conclude that, in the context of Minn.Stat. 144.335, subd. 3a(a), a Rule 35 examiner is law firm's representative as the term is used in the authorizations. Law firm's providing appellant's non-privileged medical records to the Rule 35 examiner was authorized and did not violate Minn.Stat. § 144.335, subd. 3a(a).

## DECISION

Because authorization for the inspection of a personal-injury-plaintiff's non-privileged medical records by a party is compelled under Minn. R. Civ. P. 35.04, we conclude that a party's law firm's provision of such records to its retained Rule 35 examiner is specifically authorized by law. And an authorization for a provider to release such records to a law firm, its representatives or employees consents to provision of such medical records by the law firm to its Rule 35 examiner. Therefore the district court did not err by dismissing appellant's claim that law firm violated Minn.Stat. § 144.335, subd. 3a(a), for failure to state a claim on which relief can be granted.

**Affirmed; motion granted.**